| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 12-3133-JFW (JEMx)** | Date:  April 27, 2012 |

Title:   Carolina Casualty Insurance Company -v- Team Equipment, Inc., et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

      On April 10, 2012, Plaintiff Carolina Casualty Insurance Company ("Plaintiff") filed a Complaint in this Court against Defendants Team Equipment, Inc., Bell Hop Cleaners of California, Inc., Gamet Enterprises, LLC, DryCleaning Corporation, Steam Press Holdings, Inc., Cleaners Club Acquisition Sub, Inc., USDCC CVR Merger Sub, LLC, USDC Fresno, Inc., USDC Fresno 2, Inc., USDC Portsmouth, Inc., USDC Tuchman Indiana, Inc., Riaz Chautani, Robert Y. Lee, Martin Brill, Earl Greenberg, Anthony J.A. Bryan, Kim Cox, Michael Drace, and Tim Denari (collectively, "Defendants"), alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1332.

      Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.

      A limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  However, Plaintiff has failed to allege the citizenship of any of the members of the Defendants that are LLCs.

      In addition, Plaintiff alleges that several of the Defendants are residents of a particular state.

However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff's allegations based on residency are insufficient to establish citizenship.

Moreover, Plaintiff alleges each Defendant's citizenship or residency on information and belief. However, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963). As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990).

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.